# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Brenda Poindexter

**DEFENDANTS**

W.S. Cumby, Inc.; W.S. Cumby Construction; W.S. Cumby & Son Inc.

**(b)** County of Residence of First Listed Plaintiff    Delaware County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Delaware County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq., Console Mattiacci Law, 1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq.; 42 U.S.C. §1981, et seq.

Brief description of cause:
Plaintiff was discriminated against because of her race.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
09/5/2024

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Sharon Hill, PA 19079 _____

Address of Defendant: _____ 938 Lincoln Avenue, Springfield, PA 19064 _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/05/2024 _____   _____Caren Gurmankin_____   _____205900_____
                                      *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*   *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
     *(Please specify):* _____

*B.*   *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Caren N. Gurmankin_____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☒ Relief other than monetary damages is sought.

DATE: 09/05/2024 _____   _____Caren Gurmankin_____   _____205900_____
                                      *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Brenda Poindexter | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| W.S. Cumby, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

| | | |
|---|---|---|
| 9/5/2024 | *[signature]* | Plaintiff, Brenda Poindexter |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **BRENDA POINDEXTER** | : | |
| **Sharon Hill, PA 19079** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **W.S. CUMBY, INC.** | : | |
| **938 Lincoln Avenue** | : | |
| **Springfield, PA 19064** | : | |
| | : | |
| **and** | : | |
| | : | |
| **W.S. CUMBY CONSTRUCTION** | : | |
| **938 Lincoln Avenue** | : | |
| **Springfield, PA 19064** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **and** | : | |
| | : | |
| **W.S. CUMBY & SON INC.** | : | |
| **938 Lincoln Avenue** | : | |
| **Springfield, PA 19064** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Brenda Poindexter, brings this action against her former employers, W.S. Construction, W.S. Cumby, Inc., and W.S. Cumby & Son, Inc. (together "Defendants"). Plaintiff was the only Black employee in her group, the longest-tenured, and the only one whom Defendants terminated despite her consistently excellent performance. Defendants' discriminatory conduct towards Plaintiff violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42

U.S.C. §1981 ("Section 1981"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

## II.    PARTIES

1.    Plaintiff, Brenda Poindexter, is an individual and a citizen of the Commonwealth of Pennsylvania.  She resides in Sharon Hill, PA 19079.

2.    Plaintiff is Black.

3.    Defendant, W.S. Cumby, Inc., is a Pennsylvania corporation with a principal place of business at 938 Lincoln Avenue, Springfield PA 19064.

4.    Defendant, W.S. Cumby Construction, has a principal place of business at 938 Lincoln Avenue, Springfield PA 19064.

5.    W.S. Cumby & Son Inc. is a Pennsylvania corporation with a principal place of business at 938 Lincoln Avenue, Springfield PA 19064.

6.    Plaintiff was paid by Defendant W.S. Cumby & Son Inc.

7.    Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

8.    At all times material hereto, Defendants employed more than fifteen (15) employees.

9.    At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

10.    At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

11.    At all times material hereto, Plaintiff was an employee of Defendants

2

within the meaning of the statutes which form the basis of this matter.

**III.   JURISDICTION AND VENUE**

12.   The causes of action which form the basis of this matter arise under the Title VII, Section 1981, and the PHRA.

13.   The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

14.   The District Court has jurisdiction over Count II (Section 1981) pursuant to 28 U.S.C. §1331.

15.   The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. § 1367.

16.   Venue is proper in the District Court under 28 U.S.C. §1391(b).

17.   On or about April 20, 2023, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination alleged herein.  This Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the PHRC Complaint of Discrimination (with personal identifying information redacted).

18.   On or about June 10, 2024, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for her PHRC Complaint.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

19.   Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

3

IV.    **FACTUAL ALLEGATIONS**

20.    Plaintiff was hired by Defendants on or about May 24, 2021.

21.    As of the time that Defendants terminated Plaintiff's employment, she held the position of Project Accountant.

22.    As of the time that Defendants terminated Plaintiff's employment, she reported to Kevin Jennings (white), Chief Financial Officer. Plaintiff had reported to Jennings from around February 2022.

23.    Jennings reported directly to Michael O'Brien (white), Vice President. O'Brien reported to William Cumby, III (white), Chief Executive Officer.

24.    At all times material hereto, Plaintiff consistently performed her job duties in a highly competent manner.

25.    Before Plaintiff started reporting to Jennings in February 2022, her then-supervisor, Nicholas Dunn, Controller, told her that Defendants were considering promoting her to Assistant Controller.

26.    Plaintiff had expressed interest to Defendants in being promoted and moving up at the company.

27.    After Plaintiff started reporting to Jennigs, in around February 2022, she was treated differently, and worse, than white employees.

28.    Certain of Plaintiff's job duties and projects were removed from her and reassigned to white employees.

29.    Plaintiff was excluded from certain meetings and communications related to her job duties and responsibilities.

30.    In or around December 2022, Plaintiff expressed to O'Brien her interest in

4

being promoted to Senior Project Accountant.

31. In response to Plaintiff's expressed interest in being promoted, O'Brien laughed at her.

32. No one at Defendants got back to Plaintiff about her interest in being promoted, and no one spoke to her about other opportunities at Defendants that would allow her to advance her career with the company.

33. On or about January 12, 2023, Defendants informed Plaintiff that they were terminating her employment, effective immediately.

34. Defendants told Plaintiff that she was being terminated because, based on their financials, they had to make a cut in the Accounting Department.

35. As of the time of Plaintiff's termination, she was one of four (4) Project Accountants who reported to Jennings.

36. As of the time of Plaintiff's termination, she was the only Black employee who reported to Jennings.

37. As of the time of Plaintiff's termination, she was the longest-tenured of the Project Accountants who reported to Jennings.

38. To Plaintiff's information and belief, she was the only Project Accountant who reported to Jennings who was terminated.

39. To Plaintiff's information and belief, she was the highest-ranking Black employee at Defendants.

40. To Plaintiff's information and belief, as of the time of her termination, she was one of only about two Black employees at Defendants.

41. According to Defendants' website, its leadership team appears to be

entirely white.

42.     On or about January 19, 2023, Plaintiff received a recommendation letter from Defendants, signed by Jennings, that included the following:

To Whom It May Concern:

I am writing to recommend Brenda Poindexter for an Accounting position with your organization. Brenda was employed as a Project Accountant at W.S. Cumby Construction from May of 2021 until January of 2023.

During her time with us, Brenda was responsible for all functions of project-level accounting, including management of the monthly invoicing process; cost tracking and analysis; monitoring of project budgets and subcontractor commitments; ensuring all contract obligations were met and project margins were maintained; and fulfilling reporting and analysis needs of project managers and clients. Brenda worked closely with our operations team, clients, and subcontractors and was well respected and valued by all for her abilities and professionalism.

Brenda played a key role in the success of our projects and I am confident Brenda's accounting knowledge, analytical skills, and dedication will make her an asset to your organization.

43.     Defendants failed to provide a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

44.     Defendants failed to provide a legitimate, non-discriminatory reason for failing to promote Plaintiff into a higher-level position, including into a Senior Project Accountant position.

45.     Plaintiff's race (Black) was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including subjecting Plaintiff to a hostile work environment, failing to promote Plaintiff, and terminating Plaintiff's employment.

46.     Defendants failed to prevent or address the discriminatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory conduct.

47.     As a direct and proximate result of the discriminatory conduct of

6

Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

### COUNT I - Title VII

48.    Plaintiff incorporates herein by reference paragraphs 1 through 47 above, as if set forth herein in their entirety.

49.    By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated Title VII.

50.    Said violations were done with malice and/or reckless indifference.

51.    As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

52.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

53.    No previous application has been made for the relief requested herein.

### COUNT II – Section 1981

54.    Plaintiff incorporates herein by reference paragraphs 1 through 53 above, as if set forth herein in their entirety.

55.    By committing the foregoing acts of race discrimination, Defendants have violated Section 1981.

56.     Said violations were done with malice and/or reckless indifference, and warrant the imposition of punitive damages.

57.     As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

58.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

59.     No previous application has been made for the relief requested herein.

## COUNT III - PHRA

60.     Plaintiff incorporates herein by reference paragraphs 1 through 59 above, as if set forth herein in their entirety.

61.     Defendants, by the above improper and discriminatory acts, have violated the PHRA.

62.     Said violations were intentional and willful.

63.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

64.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

65.     No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Title VII;

(b)    declaring the acts and practices complained of herein to be in violation of Section 1981;

(c)    declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)    enjoining and permanently restraining the violations alleged herein;

(e)    entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(f)    awarding punitive damages to Plaintiff under Title VII and Section 1981;

(g)    awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

9

(i)    awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, and the PHRA;

(j)    awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(k)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

<strong>CONSOLE MATTIACCI LAW</strong>

Dated:    09/05/2024          BY:    _____

Caren N. Garmankin, Esq.
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
Brenda Poindexter

10

# EXHIBIT 1

**Received**

APR 2 0 2023

PA Human Relations Commission Philadelphia

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

### COMPLAINT

COMPLAINANT:

**BRENDA E. POINDEXTER**                    PHRC Case No. 202201965

v.                                          EEOC Case No. 17F202360573

RESPONDENTS:

**W.S. CUMBY CONSTRUCTION**

and

**W.S. CUMBY, INC.**

and

**W S CUMBY & SON INC.**

1. The Complainant herein is:

    Name:    <u>Brenda E. Poindexter</u>

    Address:    ██████████████

                Sharon Hill, PA 19079

2. The Respondents herein are:

    Names:    <u>W.S. Cumby Construction; W.S. Cumby, Inc.; W.S Cumby & Son Inc.</u>

    Address:    938 Lincoln Avenue
                Springfield, PA 19064

3. I, <u>Brenda E. Poindexter</u>, the Complainant herein, allege that I was subjected to unlawful discrimination because of my race (black), as set forth below.

1

## Discrimination

### A. I specifically allege:

[1]        I was hired by Respondents on May 24, 2021.

[2]        I consistently performed my job duties in a highly competent manner.

[3]        I last held the position of Project Accountant.

[4]        I last reported to Kevin Jennings (white), Chief Financial Officer. Jennings reported to Michael O'Brien (white), Vice President. O'Brien reported to William Cumby, III (white), Chief Executive Officer.

[5]        Before reporting to Jennings, I reported to Nicholas Dunn (white), Controller, and then to David Russell (white), Chief Financial Officer.

[6]        Dunn told me that Respondents were considering promoting me to Assistant Controller. I expressed my interest in being promoted.

[7]        In February 2022, I began reporting to Jennings.

[8]        Jennings had no role in my being hired at Respondents.

[9]        I was the only black employee reporting to Jennings.

[10]        I was the highest-ranking black employee at Respondents.

[11]        At the time of my termination, I was one (1) of two (2) black employees out of at least fifty (50) employees at Respondents.

[12]        At the time of my termination, the following employees reported to Jennings. I was more qualified for these employees' positions.

> a) Alan Ciarlone (white), Project Accountant;
>
> b) Linda Coney (white), Project Accountant;
>
> c) Chris Lombardo (white), Project Accountant.

2

[13]    In January 2022. Respondents hired Ciarlone (white).

[14]    On February 28. 2022. in a meeting with Cumby. I received a positive performance review. I expressed my interest in being promoted. Cumby stated that we would connect in June 2022 to evaluate my position.

[15]    Cumby did not connect with me again to evaluate my position or discuss a promotion for me.

[16]    In April 2022. Respondents hired Lombardo (white).

[17]    In May 2022. Respondents hired Coney (white).

[18]    I was treated differently and worse. and in a more hostile and dismissive manner. than how white employees were treated.

[19]    Certain of my job duties and responsibilities were removed from me and assigned to less qualified white employees.

[20]    I was excluded from meetings and communications related to my job duties and responsibilities.

[21]    In December 2022. in a meeting with O'Brien. I expressed my interest in being promoted to Senior Project Accountant. He laughed at me.

[22]    On January 12. 2023. in a meeting with Jennings and Eryn Bonacci (white). Human Resources Manager. Respondents terminated my employment. effective immediately. The stated reason was that. based on Respondents' financials. Respondents had to make a cut in the accounting department.

[23]    In a letter dated January 13. 2023. signed by Bonacci. it stated: "This letter confirms our discussion that January 12. 2023 was your last day of employment with W.S. Cumby. As discussed. we continuously evaluate the Company as a whole and each department.

3

Based on these evaluations, unfortunately it was determined that we would need to make a cut in the accounting department based on the volume of work we presently have and expect to have for the remainder of the year."

[24]    On January 19, 2023, I received a positive letter of recommendation signed by Jennings.

[25]    I received no explanation, including the selection criteria, as to why I was terminated while less qualified white employees with less service time than I had were retained in positions for which I was more qualified.

[26]    I was the employee with the longest service time at Respondents reporting to Jennings.

[27]    Respondents assigned my job duties to white employees. I was more qualified to perform my job duties than the white employees to whom Respondents assigned my job duties.

[28]    Respondents terminated my employment because of my race.

[29]    I was the only employee who was terminated effective January 12, 2023.

[30]    All white employees reporting to Jennings were retained in their positions.

[31]    I had no performance or disciplinary issues throughout my employment.

[32]    When Respondents have notified white employees of termination, Respondents have kept them employed until they found another position but did not do the same for me.

[33]    Respondents' race discriminatory conduct toward me has caused me emotional distress.

4

[34]      Respondents' comments and conduct evidence a bias against black employees.

B. Based on the aforementioned, I allege that Respondents have discriminated against me because of my race (black) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.      The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

   _X_      **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):** __(a)__

   ____      Section 5.1 Subsection(s) _____

   ____      Section 5.2 Subsection(s) _____

   ____      Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.      Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

   _X_      **This charge will be referred to the EEOC for the purpose of dual filing.**

6.      The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

5

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

4/20/2023
_____
(Date Signed)

*Brenda E. Poindexter*
_____
(Signature)    Brenda E. Poindexter

█████████████████

Sharon Hill, PA 19079

7

# EXHIBIT 2

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Brenda Poindexter**

█████████████

**Sharon Hill, PA 19079**

From: **Philadelphia District Office**
**801 Market St, Suite 1000**
**Philadelphia, PA 19107**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2023-60573** | **Jane Duncan,**<br>**State, Local & Tribal Program Manager** | **(267) 589-9737** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** \*of your receipt of this Notice.\*  Otherwise, your right to sue based on the above-numbered charge will be lost.*

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough
6/10/2024

Enclosures(s)

**Karen McDonough**
**Deputy District Director**

cc:    **For Respondent**

Director Human Resources
W.S. Cumby Construction
938 Lincoln Avenue
Springfield, PA 19064

**For Charging Party**

Emily R Derstine Friesen
Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102